## ROBERT FINDLAY MFG. CO. v. HYGRADE LIGHTING FIXTURE COR-PORATION.

(District Court, E. D. New York.   March 29, 1923.)

1. **Corporations ⬯223—Patents ⬯322—Corporate form cannot be used to evade personal responsibility for master's fees in infringement suit.**

    Three persons who, with another corporation, owned and controlled by them, own all the stock of, and fully control, a corporation defendant, adjudged to have infringed a patent, may be required to personally pay the master's fees, taxable against defendant. Such order may be enforced by attachment under equity rule 11 (198 Fed. xxii, 115 C. C. A. xxii).

2. **Equity ⬯429—Master may apply to court for amendment of decree concerning fees due him.**

    A master may apply to the court for amendment of a decree with respect to fees due him and necessary to its enforcement.

In Equity.   Suit by the Robert Findlay Manufacturing Company against the Hygrade Lighting Fixture Corporation.   On motion by special master for order amending decree.   Granted.

Francis H. Warland, of New York City, for special master.

Walter L. Post, of New York City, for Samuel Cominsky and others.

GARVIN, District Judge.   This is a motion by a special master for an order amending the decree entered herein January 22, 1923, so as to direct Samuel Shapiro, Morris Berman, and Samuel Cominsky to pay the master's fees, and for an attachment in default of such payment. Application is also made for an order directing the three men in question and Walter L. Post, their attorney, to disclose to the court what assets said Post has belonging to defendant.   Only Cominsky has filed an affidavit in opposition.   He objects to the relief sought as being a preference over the other creditors of the defendant, asserts that the master has no standing to make this application, and relies upon the fact that the motion was not made before the expiration of the term at which the decree was granted or during the next succeeding term. He finally contends that the individual respondents cannot be held personally liable.

[1] An examination of the record shows that Shapiro, Berman, and Cominsky and another corporation, the Reliance Metal Spinning & Stamping Company, were the sole stockholders of defendant.   This Reliance Company they also practically own and control.   They seem to have been the principal officers of the company, as well as of defendant corporation.   When defendant was organized, it was financed by and had offices with the Reliance Company.   It is obvious that their interests were close, if not identical.   The patentee of the patent in suit is Harry Cohn.   He, Berman, and Shapiro organized the defendant. Cohn, by the way, had been employed by plaintiff, which had given him stock, and which had made him one of its officers.

Clearly the respondents upon this motion are so closely connected with the defendant company as to make the statement contained in Weston Electrical Instrument Co. v. Empire Electrical Instrument Co., 177 Fed. 1006, 100 C. C. A. 670, peculiarly applicable:

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"Per Curiam. This court absolutely and entirely rejects the not uncommon view that the fiction of distinct corporate existence can be made to serve as a shield against the consequences of individual wrongdoing. Upon the presentation of a case showing active participation by an officer of a corporation in the infringement of a patent, we have been, and shall be, not slow to disregard the corporate device and enforce personal responsibility."

See, also, Glucose Sugar Refining Co. v. St. Louis Syrup & P. Co. (C. C.) 135 Fed. 540.

"No person or persons can organize a sham corporation with the intention of working through it and in its name for their own individual purposes, and escape liability for their wrongful conduct."

These authorities and many others in the books dispose of the last contention.

[2] No question of preference over creditors of defendant is involved, so far as the attachment is concerned. That concerns the individual respondents only. I give no serious consideration to any contention that the master has no standing to enforce a decree of the court which concerns him so directly, and which has to do with making the decree of the court effective, instead of a nullity.

Furthermore, equity rule 11 (198 Fed. xxii, 115 C. C. A. xxii) is in point, which reads:

"Every person, not being a party in any cause, who has obtained an order, or in whose favor an order shall have been made, may enforce obedience to such order by the same process as if he were a party; and every person not being a party, against whom obedience to any order of the court may be enforced, shall be liable to the same process for enforcing obedience to such orders as if he were a party."

I incline to the opinion that the court has the power to amend its decree as desired, on the ground that it is a judicial act to carry the decree into effect, but that is not necessary to a decision. No determination is now made with regard to filing a statement of defendant's assets. That application may be renewed later, if necessary. It will probably never be required in view of the court's conclusion to enforce its process as against the individual respondents.

An order will issue directing them to pay the master's fee in 10 days; attachment thereafter to issue on proof of nonpayment.