JOSEPH SAUNDERS *vs.* AUSTIN W. FISHING CORP. & another
(and a companion case[1]).

Essex.    January 4, 1967. — March 3, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Insurance,* Liability insurance, Marine insurance. *Equity Jurisdiction,* To
    enforce liability insurance policy. *Seaman. Practice, Civil,* Counsel
    fees, Action by seaman. *Equity Pleading and Practice,* Counsel fees,
    Suit to enforce insurance policy.

G. L. c. 175, § 112, was applicable to a marine "protection and indemnity"
    insurance policy insuring the corporate owner of a fishing vessel against
    personal injuries sustained by members of the crew of the vessel, so
    that a suit in equity against the insurer to reach and apply the proceeds
    of the policy in satisfaction of an unpaid judgment recovered against
    the owner by a member of the crew for personal injuries might be main-
    tained by the judgment creditor notwithstanding a provision of the
    policy that the owner was "protected and indemnified" with respect to
    liabilities which it had "in fact paid."    [173]
If an injured member of the crew of a vessel was entitled to an award of
    the counsel fees incurred by him in enforcing his claim for his injuries by
    an action at law against the owner of the vessel, in which there was a
    judgment for the plaintiff, such an award should have been sought and
    determined in that action, and could not be made by including it in a
    decree for the plaintiff in a suit in equity by him to reach and apply
    the proceeds of a marine policy of liability insurance of the vessel owner
    in satisfaction of the judgment.    [173–174]
A judgment creditor seeking to reach and apply the proceeds of a policy
    of liability insurance in satisfaction of the judgment was not entitled to
    an award of the counsel fees incurred by him in prosecuting that very
    suit.    [174]

TWO BILLS IN EQUITY filed in the Superior Court on Decem-
ber 24, 1964.

The suits were reported by *Macaulay,* J.

*David B. Kaplan* for the plaintiffs.

*Solomon Sandler* for the defendant Resolute Insurance
Company.

SPALDING, J.    These two suits were heard together.    In

[1] The companion case is by James N. Tucker, Jr. against Ocean Wave, Inc.
& another.

one, the plaintiff is Joseph Saunders; in the other the plaintiff is James N. Tucker, Jr. Each seeks to reach and apply the proceeds of a marine insurance policy issued by the Resolute Insurance Company (Resolute), a Rhode Island corporation. The cases were submitted on statements of agreed facts. The judge, at the request of the parties and without decision, reported the cases to this court on the pleadings and statements of agreed facts. G. L. c. 214, § 31.

## THE SAUNDERS CASE.

Saunders was a member of the crew of the fishing vessel "Austin W.," which was owned, operated and controlled by the Austin W. Fishing Corp. (Austin), a Massachusetts corporation. On May 18, 1961, while the vessel was in navigable waters off the coast of New York, Saunders was injured as a result of the negligence of Austin "and/or the unseaworthiness" of its vessel. At that time Austin had an insurance policy of "protection and indemnity" issued to it by Resolute, which covered personal injuries sustained by members of the crew of the "Austin W." The policy was countersigned by Resolute's general agent in Bridgewater and was forwarded to Austin's office in Gloucester. On August 23, 1961, Saunders brought an action in the Superior Court against Austin based on negligence under the Jones Act, unseaworthiness, and maintenance and cure; he obtained a judgment in the amount of $6,793.11. Following the issuance of an execution and an unsuccessful demand for payment, Saunders brought the present suit against Austin and Resolute to reach and apply the proceeds of the policy. A decree pro confesso was entered against Austin. Austin's only asset was the vessel and that was sunk several years ago. In its answer Resolute admitted the existence of both the execution and the "protection and indemnity" policy but denied liability by reason of certain provisions in the policy.

## THE TUCKER CASE.

Tucker was a member of the crew of the fishing vessel "Ocean Wave," which was owned, operated and controlled

by Ocean Wave, Inc. (Ocean), a Massachusetts corporation. On October 25, 1961, while the vessel was in navigable waters off the coast of New York, Tucker was injured as a result of the negligence of Ocean "and/or the unseaworthiness" of its vessel. When the accident occurred the "Ocean Wave" was insured by a "protection and indemnity" policy issued to Ocean by Resolute. This policy covered personal injuries sustained by the members of the crew of the "Ocean Wave." The policy was countersigned in Bridgewater by Resolute's general agent and then transmitted to Ocean's office in Gloucester. On December 28, 1961, Tucker brought an action against Ocean in the Superior Court based on negligence under the Jones Act, unseaworthiness, and maintenance and cure. Tucker recovered a judgment against Ocean in the amount of $3,927.52 and execution issued thereon. Subsequently a demand for payment of the execution was made but no part of it has been satisfied. Thereafter, Tucker brought the present suit against Ocean and Resolute to reach and apply the proceeds of the policy. A decree pro confesso was entered against Ocean. Ocean's sole asset was the vessel and that was sunk several years ago. Resolute in its answer admitted the existence of both the execution and the policy. It denied liability, however, by reason of certain provisions in the policy.

### DISCUSSION OF THE LAW.

The question of law presented in each case is the same. Resolute's position is that payment of the judgment by the insured is a condition precedent to recovery under both policies and since there has been no such payment in either case, and none is possible, neither plaintiff can recover. Resolute concedes that if payment of the judgment by the insured is not a condition precedent to recovery it is obligated to satisfy each of the executions.

Each policy contained the following provision: "The Assured is protected and indemnified as Shipowner in respect of liabilities and expenses which he shall have become liable to pay and shall have in fact paid in respect of the

vessel named herein for the following : — (A) Loss of life of, or personal injury to, or illness of, any person . . . .'' There can be no doubt that if the policy alone is to be considered Resolute should prevail. The quoted words impose liability on Resolute only if the assured has paid the loss covered by the policy. But there is a statute which must be considered. General Laws c. 175, § 112, reads : ''The liability of any company under a motor vehicle liability policy, as defined in section thirty-four A of chapter ninety, or under any other policy insuring against liability for loss or damage on account of bodily injury or death, or for loss or damage resulting therefrom, or on account of damage to property, shall become absolute whenever the loss or damage for which the insured is responsible occurs, and the satisfaction by the insured of a final judgment for such loss or damage shall not be a condition precedent to the right or duty of the company to make payment on account of said loss or damage. No such contract of insurance shall be cancelled or annulled by any agreement between the company and the insured after the said insured has become responsible for such loss or damage, and any such cancellation or annulment shall be void.''

Prior to the enactment of § 112 a provision in a policy that the insurer was to be liable only for losses actually paid by the assured was valid and enforceable. *Connolly* v. *Bolster,* 187 Mass. 266. *Davison* v. *Maryland Cas. Co.* 197 Mass. 167, 170. But by reason of § 112 (the constitutionality of which was upheld in *Lorando* v. *Gethro,* 228 Mass. 181) such a provision is no longer enforceable in this Commonwealth. Resolute seeks to escape the consequences of § 112 on the ground that it was designed to apply to automobile policies and was not intended to ''negate the indemnity features of marine insurance.''[2]   Resolute fur-

---

[2] That this contention lacks merit is revealed by the language of St. 1914, c. 464, § 1, the predecessor of § 112, which did not mention motor vehicle policies and applied to ''every contract of insurance made between an insurance company and any person . . . by which such person . . . is insured against loss or damage on account of the bodily injury or death by accident of any person.'' The provision with respect to motor vehicle policies was added by St. 1930, c. 340, § 3.

ther contends that when what is now § 112 was enacted (St. 1914, c. 464, § 1) the prevailing view was that the States "had . . . [no] power or authority to regulate the substantive law in the field of marine insurance." Section 112 is very comprehensive and embraces liability of an insurer under a motor vehicle policy and also "under any other policy insuring against liability for loss or damage on account of bodily injury or death, or for loss or damage resulting therefrom." This language is sufficiently broad to include losses of the sort sustained by the plaintiffs here even though they are covered by policies of marine insurance. See *Durkee* v. *India Mut. Ins. Co.* 159 Mass. 514. Any doubts as to the power of the States to enact regulations which may affect marine insurance were set at rest in *Wilburn Boat Co.* v. *Fireman's Fund Ins. Co.* 348 U. S. 310. There it was said at page 320, "Under our present system of diverse regulations, which is as old as the Union, the insurance business has become one of the great enterprises of the Nation. Congress has been exceedingly cautious about disturbing this system, even as to marine insurance where congressional power is undoubted. We, like Congress, leave the regulation of marine insurance where it has been — with the States." In the *Wilburn Boat* case it was held that the warranty clause in a policy of marine insurance under which the insurance company sought to be relieved from liability was limited by a Texas statute which materially modified its effect.

We hold that § 112 is applicable to the policies under consideration and that the satisfaction of judgment by the assured is not a condition precedent to recovery against Resolute.

The requests of the plaintiffs that an award of counsel fees be included in the decrees are denied. If, as we need not decide, the plaintiffs were entitled to counsel fees under the principles enunciated in *Vaughan* v. *Atkinson*, 369 U. S. 527, they should have been sought and determined in the actions which gave rise to the judgments which are the basis of the present suits. The liability which these suits seek to

enforce is the creature of statutes. They permit the proceeds of an insurance policy to be reached and applied in satisfaction of a judgment. G. L. c. 175, § 113; c. 214, § 3 (10). Resolute's liability was conclusively established by the judgments in the law actions. It is not open to the plaintiffs to increase that liability in the present proceedings. See *Rogan* v. *Liberty Mut. Ins. Co.* 305 Mass. 186, 188. There can, of course, be no award for counsel fees in connection with the present suits. *Donaldson* v. *Boston Herald-Traveler Corp.* 347 Mass. 274, 280–281.

A final decree in each case in conformity with this opinion shall be entered.

*So ordered.*