Monica M. GEEHAN, Administratrix, etc., Plaintiff, Appellee,

v.

TRAWLER ARLINGTON, INC., et al., Defendants, Appellees,

Oceanus Mutual Underwriting Association Limited, Defendant, Appellant.

No. 76–1159.

United States Court of Appeals, First Circuit.

Argued Sept. 10, 1976.
Decided Dec. 23, 1976.

---

Argued by Frank H. Handy, Jr., Boston, Mass., with whom Kneeland, Splane, Kydd & Handy, Boston, Mass., was on brief for appellants.

Alan R. Hoffman, Boston, Mass., with whom Kaplan, Latti & Flannery, Boston, Mass., was on brief for Monica M. Geehan, Administratrix, etc., appellee.

Solomon Sandler, Gloucester, Mass., with whom Sandler, Sandler & Laramee, Gloucester, Mass., was on brief, for Mutual Marine Office, Inc., appellee.

Before Clark,* Associate Justice, U. S. Supreme Court (Ret.), and McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

In 1967 John Geehan, a crew member of the Trawler Arlington, was injured while in the employ of the vessel. His death occurred several years later and his estate ultimately obtained a judgment in a Massachusetts court against the vessel for $55,887.97. Thereafter, his widow, as administratrix of the estate, instituted the present action in state court to reach and apply the contractual obligations of Oceanus Mutual Underwriting Association (Oceanus) and Mutual Marine Office, Inc. (Mutual) to indemnify the vessel for its maritime tort liabilities. The case was removed to the district court on the basis of diversity of citizenship. On a motion for summary judgment, the court ruled that Oceanus, as primary insurer, was liable to pay the first $25,000 of the judgment awarded the Geehan estate, minus a small deductible, with credit for whatever amount Oceanus had previously paid to the Geehans for maintenance and cure. The judge specifically refused to allow Oceanus to apply against the $25,000 (its maximum liability) the $17,174.50 paid for legal expenses. The court also ruled that the balance due on the judgment was to be paid by the "excess" insurer, Mutual.

Oceanus appeals, claiming that the terms of its policy with the Trawler Arlington expressly authorized payment of legal expenses as well as judgment liability from the $25,000 maximum insurance. Mutual resists this argument since crediting Oceanus with payment of legal expenses will shift a proportional amount of the judgment liability to Mutual's shoulders. The outcome of the dispute, we think, is controlled by the literal terms of Oceanus' policy to which we now turn.[1] Oceanus' policy provides that it

---

* Sitting by designation.

1. The terms of Mutual's policy are not controlling since it provides simply that "[a]ll terms, clauses and conditions included in the underlying insurances shall be deemed to be incorporated herein, insofar as applicable . . . .."

Thus, if Oceanus' policy authorizes payment of legal expenses from its proceeds, Mutual's policy obligates Mutual to pay the amount of judgment liability displaced by Oceanus' payment of legal expenses.

"has the sole right to appoint and discharge the experts, surveyors, lawyers, and others (not including the Assured) to undertake the investigation &/or defence of (1) any occurrence which might develop into a claim or law suit against the Assured, (2) any claim or law suit made against the Assured against which the Assured shall be or may claim to be insured under this certificate; provided, however, that all costs and expenses so incurred shall be for the account of the Assured; . . . ."

Simply stated, the language of this provision permits Oceanus to hire legal counsel for a defendant insured but requires the insured to pay for the attorney's fees.

The next pertinent portion of Oceanus' policy provides that, in addition to liability for loss of life or personal injury,

"[t]he Assured is protected and indemnified as Shipowner in respect of liabilities and expenses which he shall have become liable to pay and shall have in fact paid in respect of the ship named herein for the following:—

. . . . .

"(m) Costs, when incurred with [Oceanus'] approval, of investigating &/or defending any claim or suit against the Assured based on a liability or an alleged liability of the Assured covered by this insurance . . . ."

The excess insurer, Mutual, claims that ambiguity lurks within this language, i. e. that the legal costs referred to in paragraph (m) can be read to mean only costs independently incurred by the Trawler Arlington and subsequently ratified by Oceanus. This reading would exclude costs such as those in the present case where Oceanus itself provided counsel. Assuming that ambiguity exists, Mutual argues that the language should be read in light of the principle that ambiguous language in a policy is to be read adversely to the insurer's interests and favorably to the interests of the insured. *See, e. g., King v. Prudential Ins. Co.,* 359 Mass. 46, 50, 267 N.E.2d 643, 646 (1971).

■ We reject Mutual's arguments for several reasons, primarily because we do not believe that the language of the policy is ambiguous. As we read it, the policy first renders the Trawler Arlington accountable to Oceanus where Oceanus has exercised its right to provide legal counsel. Paragraph (m) then provides that insurance proceeds may be applied to the cost of legal counsel and nowhere hints that proceeds are not applicable to attorney's fees where Oceanus has provided counsel. Rather, this paragraph, by its literal terms, is *inclusive,* reaching all costs of counsel, subject to Oceanus' approval. Mutual, we think, strains credulity when it argues that costs directly incurred by Oceanus are not "costs . . . incurred with [Oceanus'] approval" within the meaning of paragraph (m). Since the language of the policy is not ambiguous, we shall give effect to the plain meaning of the words. *Save-Mor Supermarkets, Inc. v. Skelly Detective Service,* 359 Mass. 221, 225–26, 268 N.E.2d 666, 669 (1971); *Joseph E. Bennett Co. v. Fireman's Fund Ins. Co.,* 344 Mass. 99, 103, 181 N.E.2d 557, 560 (1962); *Sherman v. Employers' Liability Assurance Corp.,* 343 Mass. 354, 356, 178 N.E.2d 864, 866 (1961); *Koshland v. Columbia Ins. Co.,* 237 Mass. 467, 472, 130 N.E. 41 (1921).

Even if we were to assume that ambiguity infects Oceanus' policy, it does not follow that we should construe the language to exclude attorney's fees where Oceanus has hired counsel for an insured. To the contrary, in the circumstances of this case, the ambiguity should be construed to include such fees.

■ In evaluating the interests of insured and insurer for purposes of construing ambiguous language, we do not think that the interests of third parties, such as an excess insurer or injured plaintiff, can properly affect our interpretation of the terms. In Massachusetts a liability insurance contract is purely bilateral, with the insurer's duties running only to the insured. *See Goldstein v. Bernstein,* 315 Mass. 329,

333, 52 N.E.2d 559, 561 (1943). We do not think that the interests of a judgment creditor who may only reach the insurance proceeds through the equitable device of a bill to reach and apply are properly cognizable in interpreting the terms of the bilateral insurance contract.

We turn then to the insured's interests under this policy. Unquestionably the policy holds the Trawler Arlington liable to Oceanus where the insurance company supplied counsel. If we were to interpret paragraph (m), as Mutual urges, to exclude application of the proceeds to the debt for attorney's fees, then we would be construing the policy to the advantage of the third party, Mutual, but to the disadvantage of the insured, Trawler Arlington. With the insurance proceeds unavailable to pay the attorney's fees, the Trawler would be required to reimburse Oceanus out of its own funds. Furthermore, in the case where the Trawler successfully defended a tort claim, but incurred attorney's fees in the process, Mutual's suggested interpretation would stand the rule of *King v. Prudential Ins. Co., supra,* on its head: we would be interpreting the policy to the benefit of the insurer and the detriment of the insured.

In view of the literal language of the policy and the identifiable interests of the insured, we think that the district court erred in excluding attorney's fees from the permissible application of the proceeds of the Oceanus policy.

*The judgment of the district court is vacated and the case is remanded with instructions to enter judgment consistent with this opinion.*