MONICA M. GEEHAN, administratrix, *vs.* TRAWLER
ARLINGTON, INC.

Middlesex.    November 4, 1976. — February 3, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & LIACOS, JJ.

*Moot Question.    Practice, Civil,* Execution, Enforcement of liability insurance policy.

Despite litigation in a Federal court which might render the case moot, this court expressed its opinion as to whether Rule 69 of the Massachusetts Rules of Civil Procedure authorized an order directing pay-

ment of a judgment where the issue had been fully argued and was one of first impression and of importance to many litigants. [817] Rule 69 of the Massachusetts Rules of Civil Procedure, 365 Mass. 836 (1974), authorized an order directing payment of a judgment against insurers not parties to the suit. [817-818]

TORT. Writ in the Superior Court dated January 14, 1970.

A motion in aid of execution was heard by *Adams*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Alan R. Hoffman* for the plaintiff.

*Frank H. Handy, Jr.*, for Oceanus Mutual Underwriting Association, Limited.

*Solomon Sandler* for Mutual Marine Office, Inc.

BRAUCHER, J. After judgment in a tort case, the plaintiff moved for an order under Mass. R. Civ. P. 69, 365 Mass. 836 (1974), directing payment of the judgment by one of two liability insurers. A judge of the Superior Court denied the motion on the ground that Rule 69 does not authorize such motions. We hold the contrary, and reverse.

The plaintiff obtained a judgment for $55,887.97 for personal injuries to her husband and for his wrongful death against the defendant, Trawler Arlington, Inc. The defendant was insured against such liability by Oceanus Mutual Underwriting Association, Limited (Oceanus), with a $25,000 limit of liability; excess liability was insured by Mutual Marine Office, Inc. (Marine). Oceanus paid defense costs of $17,174.50 and paid $7,825.50 toward the judgment; Marine paid $30,887.97 toward the judgment. The plaintiff then made her motion under rule 69, for an order directing each insurer to pay the unsatisfied balance, plus interest and costs, including attorney's fees. The judge denied the motion, ruling that his authority under rule 69, last sentence, was limited to discovery. The plaintiff appealed, and we transferred the case here from the Appeals Court.

We were informed at argument that, after the order ap-

pealed from was entered, the plaintiff filed in the Superior Court a "bill to reach and apply," seeking the same relief she had been denied under rule 69. On Oceanus's petition the case was removed to the United States District Court, where the plaintiff's motion for summary judgment was allowed. On March 27, 1976, judgment was entered for the plaintiff against Oceanus, but that judgment was vacated on appeal and the case was remanded, apparently for entry of judgment against Marine. *Geehan* v. *Trawler Arlington, Inc.*, 547 F.2d 132 (1st Cir. 1976).

1. *Mootness.* We do not treat this case as moot, although it may well soon become moot when the appropriate Federal judgment is entered and the State judgment fully satisfied. The procedural question is one of first impression and may be of importance to many litigants. It has been fully argued to us in an adversary proceeding and we think it appropriate to express our opinion. *Karchmar* v. *Worcester*, 364 Mass. 124, 136 (1973). *Wellesley College* v. *Attorney Gen.*, 313 Mass. 722, 731 (1943). The question whether the case is moot will be open to the Superior Court on remand.

2. *Rule 69.* Our rule 69 is a shortened version of Fed. R. Civ. P. 69. Differences are indicated in the margin;[1] they consist primarily of the deletion of references to State law applicable in a Federal court, which would be wholly inappropriate in a State rule. We think the first sentence of our rule, identical to the first sentence of the Federal rule,

---

[1] Matter in [brackets] appears in the Federal rule, but not in ours; matter in *italics* appears in our rule but not in the Federal rule: "Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, [in proceedings supplementary to and in aid of a judgment, and] in proceedings on and in aid of execution shall be in accordance with *applicable statutes* [the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable]. In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules [or in the manner provided by the practice of the state in which the district court is held]."

equally contemplates that the plaintiff must enforce a money judgment by writ of execution only "unless the court directs otherwise." The purpose plainly was to equip the court with all the traditional flexibility of a court of equity. See 7 Moore's Federal Practice par. 69.03 [2] (2d ed. 1975). Insistence on a separate action merely because the remedy was traditionally equitable would be entirely contrary to the spirit of our rules. See Mass. R. Civ. P. 2 and 18, 365 Mass. 733 and 764 (1974). Federal courts have employed Federal rule 69 to enforce money judgments against assets not reachable by execution, without insisting on a separate creditor's bill. *Green* v. *Benson,* 271 F. Supp. 90, 93 (E.D. Pa. 1967). Cf. *Chambers* v. *Blickle Ford Sales, Inc.,* 313 F.2d 252, 256 (2d Cir. 1963); *O'Keefe* v. *Landow,* 289 F.2d 465, 466 (2d Cir. 1961).

The judge also ruled that relief could not be given against nonparties. But Mass. R. Civ. P. 71, 365 Mass. 837 (1974), authorizes such relief "when obedience to an order may be lawfully enforced against a person who is not a party." See 7 Moore's Federal Practice par. 71.04 (2d ed. 1975). Cf. *Findlay Mfg. Co.* v. *Hygrade Lighting Fixture Corp.,* 288 F. 80, 81 (E.D.N.Y. 1923). No question is raised as to personal jurisdiction over the insurers. The Superior Court had jurisdiction over the claims against the insurers under G. L. c. 214, § 3 (9), and the plaintiff's right to any available insurance proceeds was established by G. L. c. 175, §§ 112, 113. *Saunders* v. *Austin W. Fishing Corp.,* 352 Mass. 169, 173 (1967).

3. *The merits.* We do not pass on the merits of Oceanus's defense under its policy, or on the alternative claim against Marine. Those issues are in litigation in the Federal courts, and the effect of any outstanding Federal judgment will be open in the Superior Court on remand.

4. *Disposition.* The order denying the plaintiff's motion under rule 69 is reversed and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*