# Fred SOMMERS
## vs.
## John BARTLETT & others[1]

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**March 24, 1980**

**Rodney M. Barker** for the plaintiff.
**Hugh L. O'Brien** for the defendant.

Present: Cowdrey, P.J., Flynn & Tiffany, JJ.

**FLYNN, J.** The paramount issue herein is whether or not the District Court Department has the power to entertain what is in essence a bill to reach and apply. We hold that no such power exists.

The plaintiff in this tort action for property damage that arose out of a multiple car collision recovered a default judgment against the defendant Corbett, on which execution issued. Some months later, the plaintiff filed a motion for an order on the judgment, pursuant to Dist./Mun. Cts. R. Civ. P. 69[2], to obtain a writ of execution against the respondent, Transportation Mutual Insurance Company (hereinafter Transportation), Bartlett's insurer. The motion was allowed, and a writ of execution was issued and served on Transporta-

---

[1] John R. Corbett; and Transportation Mutual Insurance Company, respondent.

[2] Rule 69 of the Dist./Mun. Cts. R. Civ. P. states: "Execution: Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings on and in aid of execution shall be in accordance with applicable statutes. In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules."

tion. Transportation thereafter filed a timely motion to supersede execution and for relief for judgment. This motion was denied. Transportation also filed requests for rulings of law to the effect that the district court lacked jurisdiction over the subject matter as well as personal jurisdiction over Transportation. The requests were not acted upon, and are therefore deemed denied. **Caccavaro v. American Motorists Ins. Co., 355 Mass. 797 (1969); Mitchell v. Silverstein, 323 Mass. 239, 240 (1948).**

Transportation is presently before this Division claiming to be aggrieved by the denial of its motion to supersede execution and for relief from judgment, and by the implied denial of its requests for rulings.

We rule that the lower court lacked jurisdiction over the subject matter, as well as personal jurisdiction over Transportation, and that such order is therefore null and void.

The plaintiff's Dist./Mun. Cts. R. Civ. P. 69 motion for an order of judgment against the respondent, Transportation, was in essence a bill to reach and apply the proceeds of the defendant's insurance policy in satisfaction of the judgment awarded to the plaintiff.

A bill to reach and apply, with the insurer's liability to the judgment party which is enforced thereby, is, however, a creature of statute. **Saunders v. Austin W. Fishing Corp., 352 Mass. 169, 173-174 (1967); Rogan v. Liberty Mutual Ins. Co., 305 Mass. 186, 188 (1940).**

The right and remedy pursued by the plaintiff herein exists only within the legislative framework of Massachusetts G.L. c. 214, s. 3(9)[3] which specifically designates the judicial forums in which such right and remedy may be claimed. The necessary jurisdiction to entertain and grant a bill to reach and apply is vested exclusively thereunder in the Supreme Judicial Court and Superior Court Department. The trial court herein, as a division of the District Court Department, therefore lacked the requisite jurisdictional authority to issue a writ of execution against the respondent-insurer.

The plaintiff's reliance on Massachusetts G. L. c. 218, s. 19[4] to extend jurisdiction to the District Court Department is not persuasive. A bill to reach and apply is an element of a specialized branch of equity jurisdiction, **Geen v. Old Colony Trust Co., 294 Mass. 601, 603 (1936); Williams v. Nelson, 228 Mass. 191, 193 (1917);** whereas the reference to "all civil actions in which money damages are sought" in G. L. c. 218, s. 19 may be interpreted as a grant to the District Court Department, concurrent with the Superior Court Department, of only a general jurisdiction over actions in law rather than in equity. Moreover, the general provisions of s. 19 are self-limiting in that they control "except as otherwise provided in this chapter . . ." The equity jurisdiction of the District Court Department is in fact "otherwise provided" for in s. 19C of Massachusetts G. L. c. 218 wherein the equity powers of a district court are restricted to cases arising under G. L. c. 11, ss. 127A–112K (Enforcement of the State Sanitary Code).[5]

"[T]he jurisdiction of the several lower courts of this Commonwealth, and therefore, their powers, are limited to those granted by the Constitution of the Commonwealth or by the Legislature." **Police Comm. of Boston v. Municipal Court**

---

[3]General Laws c. 214, s. 3(9) state: "The Supreme Judicial and Superior Courts shall have original and concurrent jurisdiction of the following cases: . . . (9) Action to reach and apply the obligation of an insurance company to a judgment debtor under a motor vehicle liability policy . . ."

[4]General Laws c. 218, s. 19 provides: "Except as otherwise herein provided in this chapter district courts shall have jurisdiction concurrent with the superior court of all civil actions in which money damages are sought . . ."

[5]The Legislature has also given the District Court Department equity jurisdiction in appeals from Boards of Appeal in zoning cases, G. L. c. 40A, s. 17; and in proceedings to compel support of indigent kindred, G. L. c. 117, s. 7. Equitable defenses may be set up at law in district courts. G. L. 231, s. 31. J. Nolan, Civil Practice, s. 102 at 130-132 (9 Mass. Practice Series [1975]). Other equitable powers are given to District Court divisions in connection with rent withholding in summary process actions, G. L. c. 239, s. 8A.

These statutes, however, neither expand the equity jurisdiction of the District Court Department to include bills to reach and apply nor alter our construction of the clear and unambiguous language of G. L c. 218, ss. 19 and 19C.

of the Dorchester District, Mass. , (1978).[a] We therefore rule that the above statutory provisions establish that a bill to reach and apply is beyond the jurisdiction of the District Court Department.

The plaintiff's reliance on **Geehan v. Trawler Arlington, Inc.,** 371 Mass. 815 (1971) for the proposition that Dist./Mun. Cts. R. Civ. P. 69 and 71[6] sanction a district court order to reach and apply assets of a non-party insurer is misplaced. The Supreme Judicial Court stated therein at page 818 that the "Superior Court had jurisdiction over the claims against the insurers under G. L. c. 214, s. 3(9) . . ." The plaintiff's argument, that the sole difference between the Geehan case and the instant action is that the former was initiated in a superior court and the latter in a district court, ignores the question of jurisdiction. In our opinion, a combination of Rules 69 and 71 cannot be interpreted under Geehan or any other common law as investing a district court with equity jurisdiction. Dist./Mun. Cts. R. Civ. P. 1, 365 Mass. 730 (1974), effects a merger of law and equity, and Dist./Mun. Cts. R. Civ. P. 18(a), 365 Mass. 764 (1974), authorizes joinder of legal and equitable claims. "But these rules shall **not be construed to extend or limit the jurisdiction of courts or the venue of actions therein"** (emphasis supplied). Dist./Mun. Cts. R. Civ. P. 82, 365 Mass. 843 (1974). **Wood v. Wood,** 369 Mass. 665, 668 (1976).

On the issue of in personam jurisdiction, Transportation neither received service of process nor appeared generally so as to confer in personam jurisdiction on the lower court. The plaintiff attempts to justify the writ of execution ordered against the non-party insurer and to circumvent the jurisdiction issue operative here by invoking Dist./Mun. Cts. R. Civ. P. 71 which states, in relevant part, that "when obedience to an order may be lawfully enforced against a person who is not a party, he is liable to the same process for enforcing obedience to the order as if he were a party."

The key terminology with reference to the instant case is, however, the words "may be lawfully enforced." Both the above discussion and the rationale of the **Geehan** decision clearly indicate that an order to reach and apply an insurer's obligation may be lawfully issued only in the Supreme Judicial Court or Superior Court Department. We rule that Rule 71 may be utilized to enforce a judgment against a non-party only when the enforcing court otherwise has subject matter jurisdiction over the actionable claim so that such claim may be "lawfully enforced" against the non-party. As the lower court herein was neither vested with the requisite equity jurisdiction nor included in the G. L. c. 214, s. 3 designation of competent judicial forums to permit the plaintiff to reach and apply the respondent's obligation to the defendant, Dist./Mun. Cts. R. Civ. P. 71 cannot be invoked to justify an order of execution and judgment against the non-party insurer herein.

The court's denial of the respondent's motion to supersede execution and for relief from judgment is reversed. The order of judgment and the writ of execution issued against the respondent are vacated.

So ordered.

J. Flynn

---

[a]Mass. Adv. Sh. (1978) 685, 715.
[6]Rule 71 of the Dist./Mun. R. Civ. P. states: "When an order is made in favor of a person who is not a party to the action, he may enforce obedience to the order by the same process as if he were a party; and, when obedience to an order may be lawfully enforced against a person who is not a party, he is liable to the same process for enforcing obedience to the order as if he were a party."