This certifies that this is the opinion of the Appellate Division in this cause.

**Patricia D. Miller, Clerk**

**Joseph TRAVERS**
Vs.
**THE TRAVELERS INSURANCE COMPANY**

**No. 264**

District Court Department
Appellate Division, Brockton Division
Trial Court of the
Commonwealth of Massachusetts

**June 11, 1981**

**Richard Chin, Esq.,** counsel for plaintiff
**Paul Fulton, Esq.,** counsel for defendant

## DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Southern District sitting at Attleboro upon Report from the District Court, Brockton Division and it is found and decided that there was no prejudicial error.

It is hereby ORDERED: That the Clerk of the District Court, Brockton Division make the following entry in said case on the docket of said Court, namely: REPORT DISMISSED.

Opinion filed herewith.

**Patricia D. Miller**
**Clerk**

**Daniel H. Rider, Justice**
**Robert A. Welsh, Jr., Justice**
**Charles E. Black, Justice**

## OPINION

**BLACK, J.** This is an action of contract in which the plaintiff seeks to recover from the defendant under the provisions

of a group accident and health insurance policy issued to the plaintiff's employer, Plymouth Rubber Company, Inc., on September 7, 1976, insuring employees against various losses, including the loss of a hand. The plaintiff alleged that on or about September 13, 1977, he had suffered the loss of his right hand as the result of an accident which occurred while he was working at the Plymouth Rubber Company, Inc., due notice of which was furnished to the defendant, and that the defendant had denied payment of the benefits provided by the policy. The defendant raised numerous defenses, the substance of which was that the policy provisions entitling the plaintiff to benefits had not been met.

The evidence adduced at trial tended to show that on September 13, 1977, while employed by the Plymouth Rubber Company, Inc. plant, the plaintiff's right hand was caught between two (2) rollers of a Calendar machine and his thumb and three (3) fingers were amputated on that date as a result of this accident. The plaintiff testified that he never gave notice to the employer or to the defendant of the loss but hired counsel in November of 1977 to pursue the matter.

The group policy, as reflected by booklet furnished to employees, provided for a dismemberment benefit for loss of one hand in the amount of $3,750.00. It also provided that "proof of loss" must be furnished to the defendant not later than ninety (90) days after the date of loss, unless it could be shown that it was not reasonably possible to furnish such proof of loss, in which case such proof must be furnished as soon as reasonably possible. In fact, notice of the loss was not received by the defendant until March 7, 1978.

The trial judge found that the loss sustained by the plaintiff of the thumb and three fingers constituted a "loss of right hand" within the meaning of the policy, (the correctness of which is not in issue in this appeal), but ruled that failure of the plaintiff to notify the defendant within ninety (90) days of the loss precluded the plaintiff from recovery.

The plaintiff's appeal raises the issue as to the correctness of the trial judge's ruling with respect to the Plaintiff's Request for Ruling No. 7 that "the evidence warrant a finding for the plaintiff." This request was "Allowed as a ruling of law, but fact-finder did not so find." The plaintiff's brief focuses on two principal areas: (1) the correctness of the trial judge's reliance upon failure of the plaintiff to provide notice of the loss to the defendant, and (2) the effect of G.L. C. 175, sec. 112 upon the notice requirement.

As regards to the issue of lack of notice, the plaintiff-appellant's brief points out that Rule 9(c), Dist. Mun.Cts.R.Civ.P., provides:

(c) Conditions Precedent. In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.

The requirement of notice on proof of loss is, certainly, regarded as a condition precedent to liability on the part of the insurer (see, **Sherman v. Metropolitan Life Insurance Company,** 297 Mass. 330 (1937) ). However, in its "SECOND DEFENSE" to the plaintiff's complaint, the defendant averred that the plaintiff's claim had been denied . . . "because the policy provisions had not been met." We are of the opinion that the general averment that the provisions of the insurance contract had not been satisfied was sufficient to raise the issue of non-compliance with the notice requirement of the policy.

As we perceive it, the real issue in this case is the role of the employer, Plymouth Rubber Company, Inc., in relation to the parties to this action. It seems fair to say

that, generally speaking, a group insurance policy is a contract between the insurer, in this case Travelers Insurance Company, and the employer (or one of the other groups defined in G.L. c. 175, secs. 110 and 133). The contract of insurance is represented by the master group policy duly applied for by the employer and issued to the employer by the insurance carrier. The certificate of insurance or booklet issued to employees of the employer is not generally held to be a part of that contract, but is merely evidence of coverage provided to the employees' rights, duties and entitlement. (See, **Boseman v. Connecticut General Life Insurance Company**, 301 U.S. 196 (1937). Of course, if the certificate of insurance or booklet misrepresents the coverage, or sets forth terms and conditions inconsistent with those contained in the master contract, the insurer could be held liable on a variety of legal theories.

The role of the employer frequently becomes an issue because it is through the employer that the employee usually deals with the insurer. For example, the employer may perform such functions as premium collection by withholding from the employee wages or salaries, preparing and issuing the certificates of insurance or booklets, issuance of claim forms and processing of claims, and in some cases may even handle the actual payment of claims from the insurer's funds. What then, if the employer, through inadvertence or otherwise, improperly handles a given matter? Obviously, much depends upon the agreement between the insurer and the policy holder.

The decisions are not uniform in their holdings concerning the role of the employer as agent for the insurer. In the plaintiff-appellant's brief, the case of **Clauson v. Prudential Insurance Company of America**, 195 F. Supp. 72 (D. Mass. 1961) is cited, wherein the trial court ruled that:

"For the purposes of the handling of the Policy and the collection of contributions and payment of premiums, the more equitable view is that Chrysler was acting as Prudential's agent." (at p. 80).

On appeal the First Circuit Court of Appeals noted that the role of the employer was immaterial to its finding and affirmed the case on other grounds (see, **Prudential Insurance Company of America v. Clauson**, 296 F.2d 76 (1st Cir. 1961). It is significant that in that case, although the action was brought in Massachusetts, the Court applied Delaware law. The Clauson case is consistent with a line of Georgia cases to the effect that in the case of a group insurance policy, the policyholder (employer) is agent of the insurer and knowledge of the employer concerning employment status of the employee amounts to knowledge of the insurance company. See, **Prudential Insurance Company of America v. Bennett**, 294 F. Supp. 1122 (1968(.

The Massachusetts rule is set forth in **Edith v. Wing, Admx. v. John Hancock Mutual Life Insurance Company**, 314 Mass. 269 (1943). There the employer attended to all details in respect to premium payments, the giving of monthly reports to the insurer concerning the number of insured employees, and adjustment of premiums. The trial judge ruled that the employer was not agent of the defendant "in respect to the giving of notice of or the sufficiency of the notice of a disability claim under the terms of the policy and the certificate of insurance." His ruling was affirmed on appeal.

While we are not prepared to say that an employer is not the agent of the insurance carrier for some purposes under given circumstances, we are unaware of any case authority that holds that the mere happening of an accident in an employer's plant constitutes notice of the loss to the group insurance carrier. We decline to so find. In this case, there is absolutely no evidence of any affirmative

act on the part of the plaintiff such as requesting claim forms, etc. Therefore, we conclude that the trial judge ruled correctly that the conditions precedent to benefit entitlement were not met, namely notice of the loss within ninety (90) days of the loss. No justification for such failure has been shown.

The plaintiff-appellant also relies upon G.L.c. 175, sec. 112, which provides pertinently:

> The liability of any company under a motor vehicle liability policy, as defined in section thirty-four A of chapter ninety, or under any other policy insuring against liability for loss or damage on account of bodily injury or death . . . An insurance company shall not deny insurance coverage to an insured because of failure of an insured to seasonably notify an insurance company of an occurrence, incident, claim or of a suit founded upon an occurrence, incident, or claim, which may give rise to liability insured against unless the insurance company has been prejudiced thereby . . .

Clearly the subject policy is not a motor vehicle liability policy as defined in section thirty-four A of chapter ninety. Nor do we find that it is within the category of "any other policy insuring against **liability** for loss or damage on account of bodily injury or death" (underlining supplied). A review of the cases reveals that while the statute encompasses policies other than motor vehicle liability policies, it appears to have been applied exclusively to those situations where the policy is a truly "liability" policy, that is one which provides coverage to the insured for or on account of liability to a third party. See, **Sontag v. Galer,** 279 Mass. 309 (1932)-landlord's public liability policy; **Saunders v. Austin W. Fishing**

**Corporation,** 352 Mass. 169 (1967)-marine liability insurance; and, **Geehan v. Trawler Arlington, Inc.,** 371 Mass. 815 (1977) marine liability insurance. In short, the policy involved in this case is not a liability policy in the sense that the liability of the insurer is dependent upon liability of the employer to the plaintiff. Accordingly, we conclude that G.L. c. 175, sec. 112 is inapplicable to group accident and health policies issued pursuant to G.L.c. 175, secs. 110 and 133.

Finally, we note that a report was requested by the plaintiff as to the trial court's admission as a business record what purported to be the policy of insurance under which benefits are sought in this case. The plaintiff objected on the grounds that the said documents had not been properly authenticated. The record indicates that the plaintiff failed to perfect his rights as to the requested report as per Dist./Mun.Cts.R.Civ.P. 64(a). Also, the issue has not been raised in the plaintiff-appellant's brief and is, therefore, deemed to have been waived. See, Dist./Mun.Cts.R.Civ.P. 64(f).

We conclude that there was no error and order that the report be dismissed.

**Daniel H. Rider, Justice**
**Robert A. E. Welsh, Justice**
**Charles E. Black, Justice**

This certifies that this is the opinion of the Appellate Division in this cause.

**Patricia D. Miller, Clerk**