Zimmerman, J.
As is apparent from the statement of the case, the problem confronting us is the meaning of the words, “in transit” and “transportation,” as used in the policies of insurance in issue, interpreted in the light of the undisputed facts.
A policy of insurance is a contract and like any other contract is to be given a reasonable construction in conformity with the intention of the parties as gathered from the ordinary and commonly understood,meaning of the language employed.
The words, “in transit” and “transportation,” contained in an insurance policy, such as the ones involved herein, comprehend the carriage of goods from one point to another and ordinarily mean the movement of the goods on a transporting conveyance from the starting point to the point of delivery, including stops along the way incidental to the carriage. Of course, minor deviations from the customary route and temporary stops, even overnight, for the convenience of the operator of the conveyance and for other purposes connected with the carriage, will not remove the goods from the transportation.
But the words, “in transit” and “transportation,” as they appear in the policies before us and as construed under the circumstances here involved, do not embrace a period of days during which, for the convenience of the insured and to divert the transporting conveyance to other business of the insured, the goods are unloaded and deposited on designated premises and left there at rest while the transporting conveyance departs and is used on another transportation project foreign to the *340 original shipment. An abandonment of the original transporting process thereby occurs, even though such interruption is temporary.
In circumstances as related, a storage of goods occurs and while in storage they are removed from the protection of a policy which insures against loss only when the goods are in transit or are being transported.
The case most nearly in point supporting the position taken is that of Mayflower Dairy Products, Inc., v. Fidelity-Phenix Fire Ins. Co. of New York (Supreme Court, Appellate Term), 170 Misc., 2, 9 N. Y. Supp. (2d), 892. Other cases leaning in the same direction are Exchange Lemon Products Co. v. Home Ins. Co. (C. C. A. 9), 235 F. (2d), 558; Koshland v. Columbia Ins. Co., 237 Mass., 467, 130 N. E., 41; Williams v. Mannheim Ins. Co., 237 Mass., 477, 130 N. E., 45; and San-Nap-Pak Mfg. Co. v. Firemen’s Ins. Co. of Newark, N. J., 47 N. Y. Supp. (2d), 542, affirmed, 51 N. Y. Supp. (2d), 754.
Therefore, the judgments of the Court of Appeals are reversed and those of the Municipal Court affirmed.

Judgments reversed.

Weygandt, C. J., Taut, Matthias, Bell, Herbert and Peck, JJ., concur.