JOSEPH SHERMAN & another *vs.* THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LIMITED.

Suffolk.    October 3, 1961. — December 18, 1961.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Insurance,* Fire insurance: coverage of policy; Construction of Policy. *Law or Fact. Words,* "In transit."

The construction of unambiguous provisions of a fire insurance policy was a question of law for the judge in an action on the policy. [356]
A fire insurance policy issued to a laundry and cleansing company, providing that it should cover articles of the company's customers while at its place of business "or in the custody of its collecting agencies" and "while being transported to and from its customers," and should cover articles "in transit to and from" the company's place of business, did not cover customers' articles which had been taken to the company's place of business and thence had been taken to the premises of an independent contractor for washing and laundering and return to the company's place of business and redelivery to the customers, and which were destroyed by fire while on the premises of the independent contractor. [356–357]

CONTRACT. Writ in the Superior Court dated August 14, 1959.

The action was tried before *Paquet, J.*

*Lawrence D. Shubow,* for the plaintiffs.

*Philander S. Ratzkoff,* for the defendant.

KIRK, J. The two plaintiffs, doing business as Norfolk Laundry and Cleansers hereinafter called Norfolk, excepted to the direction of a verdict for the defendant in this action of contract to recover for a fire loss under a policy of insurance issued by the defendant to the plaintiffs.

The policy covered ". . . goods or articles, the property of the assured customers, accepted by the assured for cleaning, . . . while contained in the premises occupied by the assured at 156 Norfolk Street, Dorchester, or in the custody of its collecting agencies or branch stores; and while being transported to and from its customers or branch stores against direct loss or damage caused by . . . fire . . . ." It provided that the defendant's liability ". . . shall not exceed (a) four thousand dollars in any one casualty; (b) four thousand dollars at the assured main location, situated at 156 Norfolk Street, Dorchester . . . ; (c) nil at any other location; and (d) two thousand dollars while in transit." A further provision was ". . . this policy covers in transit to and from 156 Norfolk Street, Dorchester."

The evidence shows that the business of the plaintiffs was conducted in the following manner: Items which were to be cleaned were picked up at customers' homes by the plaintiff Sherman and brought to 156 Norfolk Street for counting, marking, and checking. Items which were not brought by Sherman to the location at Norfolk Street were taken there by the customers themselves. Every day or every other day items at Norfolk's location were picked up by a truck of the Quality Wet Wash (hereinafter called Quality) and transported by it to its premises on Gibson Street, Dorchester, for washing and laundering. In emergencies one of the plaintiffs would deliver the goods to Quality rather than wait for Quality's truck. Norfolk and

Quality were entirely independent companies. When the washing and laundering were completed, Quality returned the goods to Norfolk Street where they were sorted out and redelivered by Norfolk to its customers.

On Tuesday, August 23, 1955, a fire at the Quality premises destroyed all of the goods which had been picked up from Norfolk on Wednesday, Thursday and Saturday of the previous week.

The plaintiffs contend that the case should have been submitted to the jury and argue that the jury could find that (a) when the goods were on Quality's premises, they were "in the custody of its [Norfolk's] collecting . . . [agencies"]; and (b) the goods were "in transit" while on Quality's premises; and, therefore, on either ground were within the coverage of the policy. We disagree. The interpretation of the contract was for the judge to decide. *Ober* v. *National Cas. Co.* 318 Mass. 27, 30, and cases cited. *Forte* v. *Caruso,* 336 Mass. 476, 481.

If equivocal language is used in a contract of insurance such language is to be construed against the insurer. *August A. Busch & Co. of Mass. Inc.* v. *Liberty Mut. Ins. Co.* 339 Mass. 239, 243, and cases cited. When, however, the words are plain and free from ambiguity they must be construed in their usual and ordinary sense. *Ober* v. *National Cas. Co.* 318 Mass. 27, 30. *Forte* v. *Caruso,* 336 Mass. 476, 480, and cases cited. We perceive no ambiguity in the contract. It must be enforced according to its terms. *Hiller* v. *Submarine Signal Co.* 325 Mass. 546, 550, and cases cited.

The clause "in the custody of its collecting agencies" in context clearly means "in charge of one who collects for and on behalf of Norfolk". The parties contemplated the relationship of principal and agent between Norfolk and the collector. The only collecting done by Norfolk was done by Sherman. Quality, an "entirely independent" company, was not a collecting agent of Norfolk when it picked up the goods in bulk at Norfolk but rather was an independent contractor acting on its own behalf pursuant

to its contractual obligation with Norfolk to clean or laun-
der the goods.

As to the second point we think it is an unreasonable
construction of the contract to say that the goods, while on
Quality's premises, were "in transit." The various mean-
ings of the phrase "in transit" were discussed in *Koshland*
v. *Columbia Ins. Co.* 237 Mass. 467, 472–477, and need not
be repeated. It is sufficient to say that the goods were not
at Quality's premises as a part of or incident to transporta-
tion. See *Williams* v. *Mannheim Ins. Co.* 237 Mass. 477,
481. They were there for the accomplishment of the very
purpose for which they had been given to Norfolk by its
customers. Moreover, to hold that the goods were in tran-
sit while on Quality's premises would make specific provi-
sions of the coverage clauses meaningless. An interpreta-
tion which gives a reasonable meaning to all of the provi-
sions of a contract is to be preferred to one which leaves a
part useless or inexplicable. *Crimmins & Peirce Co.* v.
*Kidder Peabody Acceptance Corp.* 282 Mass. 367, 375. *Ed-
mund Wright Ginsberg Corp.* v. *C. D. Kepner Leather Co.*
317 Mass. 581, 587. The obvious design of the policy was
to insure the goods when they were (a) on named premises
or on other premises subject to the control of Norfolk or
(b) in movement or transit under Norfolk's control between
such premises and the customer. Neither of these provi-
sions would have been necessary if the construction argued
by the plaintiffs had been intended. Simple blanket cover-
age would have been sufficient.

Since the result is that the goods were not covered when
on Quality's premises, it is unnecessary to discuss proof of
loss.

*Exceptions overruled.*