Forte, J.
This is before the Appellate Division from the allowance of the plaintiffs motion for summary judgment and from the denial of the defendant’s.
The matter was argued before this Appellate Division resulting in an order whereby the report was "returned for amplification by the trial justice to include, by attaching to the report, all documents considered in disposition of the parties’ summary judgment motions.”
The report was amplified by addition to the report of the following: the complaint, the answer, the motions of summary judgment, the defendant’s interrogatories to the plaintiff, the answers thereto, and the master medical certificate of insurance.
The issue presented is the interpretation of the section IV.6.a of the certificate of insurance, which reads as follows:
Any member shall be subject to an additional charge by a participating physician . . . only; A. When any benefits from another source for the treatment of any condition or for the benefit of any complication or consequence thereof would be available to the member if the contract were not in effect.”
The clause permits the physican to “balance bill” if another source of payment would be available to the member if the Blue Shield policy was not in effect.[1]
The plaintiff was involved in a one-car accident on April 15, 1978, hospitalized to April 24,1978, from April 30 to May 3,1978, and from June 14 to June 22, 1979; treated by dentists and physicians; Blue Cross paid for the hospitalizations; and on January 26 “personal injury protection” (PIP) payments were made directly to the providers to the extent available under G.L.c. 90, §34A. On June 13th, 15th, 27th, 1979 and on September 19, 1979, Stephen Scully, M.D., performed reconstructive surgery for which he charged $2570. Being a participating physician (a licensed physician who has entered into an agreement with Blue Shield to furnish services to Blue Shield’s members), Dr. Scully submitted his bill to the defendant, which paid only $520 to the doctor. The doctor then submitted the balance of the bill to the plaintiff, who paid it, for which the plaintiff seeks reimbursement by this action.
The court awarded as summary judgment the amount of $2050 to the plaintiff.
Section II, paragraph 2 of the policy indicates the defendant agrees to pay a participating physician 95 percent of a usual and customary charge. The *167 defendant offered no evidence, by affidavit or otherwise, as to what the usual and customary charge was for Dr. Scully’s services, but being a participating physician we assume that in submitting his bill to the defendant, it was in accordance with the defendant’s payment schedule.
The defendant, according to the report, admitted it would have paid the physician so that no balance need be paid by the member, except that another , source for payment was available to the plaintiff.
The issue raised by the defendant[2] is that because PIP benefits were once available but exhausted (as the parties agreed) at the time physician’s services were rendered, may a physician bill the Blue Shield member the balance of the bill for services Blue Shield rejects?
The insurance contract in dispute is ambiguous as to the time of “availability”, at the time of the injury or at the time medical services are rendered.
“If equivocal language is used in a contract of insurance such language is to be construed against the insurer. August A. Busch & Co. of Mass. Inc. v. Liberty Mutual Ins. Co., 339 Mass. 239, 243,” quoted in Sherman v. Employers Liability Assurance Corp. Ltd. 343 Mass. 354, 356 (1961).
There was no error.
Report dismissed.

 G.L.c. 17HB. §7, as amended by the acts of 1984, restricts "balance billing.”

 Being a ruling pursuant to Dist./Mun. R. Civ. P. Rule, 56, no requests for rulings of law are required. Federal Deposit Ins. Corp. v. Profile Lounges, Inc., 1979 Mass. App. Dec. Adv. Sh. 15.