GREGORY T. KELLEHER *vs.* AMERICAN MUTUAL
INSURANCE COMPANY OF BOSTON & another.[1]

No. 90-P-1004.

Barnstable. January 9, 1992. - May 6, 1992.

Present: BROWN, PERRETTA, & GREENBERG, JJ.

*Practice, Civil,* Summary Judgment. *Insurance,* Construction of policy,
   Motor vehicle insurance, Uninsured motorist. *Contract,* Insurance.
   *Words,* "Alighting from," "Upon."

In an action seeking a declaration that the plaintiff qualified as an insured
   under coverage affording protection against uninsured motorists, sum-
   mary judgment was properly granted for the defendant insurer, where
   the undisputed facts demonstrated that the plaintiff, who had been op-
   erating a vehicle owned by his employer and insured by the defendant
   prior to being struck and seriously injured by an uninsured motorist
   while standing approximately four feet from the insured vehicle, was
   not "occupying" the insured vehicle at the time he was struck within
   the plain and ordinary meaning of that term and therefore, he did not
   qualify as an "Insured" under the policy. [502-505]

CIVIL ACTION commenced in the Superior Court Depart-
ment on August 8, 1988.

The case was heard by *Gerald F. O'Neill, Jr.,* J., on a mo-
tion for summary judgment, and a motion for entry of judg-
ment was heard by *George C. Keady, Jr.,* J.

*Albert J. Schulz* for the plaintiff.

*Laurie J. Condos* for the defendants.

BROWN, J. The plaintiff Gregory T. Kelleher was struck
and seriously injured by an uninsured motorist. Prior to the
accident, Kelleher had been operating a motor vehicle owned
by his employer, AKE Larson Company, Inc. (Larson), and
insured by American Mutual Insurance Company of Boston
(American Mutual).

---

[1]Deborah E. Berch, the insurer's claims supervisor.

The plaintiff is appealing from the grant of summary judgment adverse to him. The plaintiff had sought a declaration that he qualified as an insured under the coverage affording protection against uninsured and underinsured motorists. The defendant insurer, through its claims supervisor, Deborah E. Berch, had denied coverage on the ground that at the time the plaintiff sustained his injuries he was not "occupying" the insured vehicle as that term is defined in the policy.

Summary judgment will be upheld by a reviewing court if "certain factors converge to convince [the court] that the trial judge was ruling in this case on undisputed facts and, of course, that his ruling was correct as a matter of law." *Federal Deposit Ins. Corp.* v. *Csongor*, 391 Mass. 737, 740 (1984), quoting from *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 556 (1976).

Only a brief recitation of the facts is necessary to determine whether this plaintiff is entitled to coverage under the relevant policy provision.

On or about November 13, 1987, Kelleher, who was returning from Logan Airport, parked the insured Larson vehicle he was operating on the north side of Longwood Avenue in Brookline. This location is across from his residence at 73 Longwood Avenue. Kelleher took the keys out of the ignition, and got out of the vehicle. He then shut and manually locked the doors. The lights had been turned off. Intending to cross the street to his apartment, Kelleher took a few steps in the direction that his vehicle was facing. At this point, he was standing by the left front tire. Kelleher looked to the left and saw headlights; he looked to the right and saw a red light. The headlights were approximately 175 feet away. Kelleher then was approximately three to four feet from his motor vehicle, and as he stepped further into the street, he was struck by a motor vehicle owned by Russell Torres and operated by Miguel Torres. Kelleher had intended to return to the car at some point that evening.

The plaintiff's claim of coverage is based on a section in the policy entitled "Bodily Injury Caused by Uninsured or

Underinsured Motorists Insurance." The pertinent provision is as follows:

> "[American Mutual] will pay such sums as the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile or underinsured automobile because of bodily injury . . . sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile or underinsured automobile . . . ."

The policy further provides that "insured" means:

> "(1) the named insured as stated in item 1 of the declarations . . . and, while residents of the same household, the spouse of any such named insured and relatives of either.
>
> (2) *any other person while occupying an insured automobile*; and
>
> (3) any person, with respect to damages he is entitled to recover because of bodily injury to which this coverage applies sustained by an insured under (1) or (2) above." (Emphasis added.)

"Occupying" is defined in the policy as "in or upon, entering into or alighting from."

The interpretation of an insurance contract is a question of law for the court. *Jefferson Ins. Co.* v. *Holyoke*, 23 Mass. App. Ct. 472, 475 (1987). Likewise, the application of policy language to known facts presents a question of law for the court. See *Sherman* v. *Employer's Liab. Assur. Co.*, 343 Mass. 354, 356 (1961). The words of the policy must be construed according to "the fair meaning of the language used, as applied to the subject matter" (citations omitted). *Manning* v. *Fireman's Fund Am. Ins. Cos.*, 397 Mass. 38, 40 (1986). Where, as here, the policy language identifying the individuals and entities to whom coverage is afforded consti-

tutes part of the basic insuring agreement, the person seeking coverage under a policy of insurance bears the burden of demonstrating that he qualifies as an insured thereunder. See *Markline Co.* v. *Travelers Ins. Co.*, 384 Mass. 139, 140 (1981) (insured bears burden of proving "loss was within the description of the risks covered").

In aid of his argument, the plaintiff asserts the words "upon" and "alighting from" are ambiguous, and should be strictly construed in favor of the insured, and against the insurer. It is a familiar rule that doubtful language contained in an insurance policy is to be construed against the insurer, who wrote the policy. See *Save-Mor Supermarkets, Inc.* v. *Skelly Detective Serv., Inc.*, 359 Mass. 221, 225 (1971). Where, however, there is no ambiguity, the language of an insurance policy is to be construed according to its ordinary meaning. *Thomas* v. *Hartford Acc. & Indem. Co.*, 398 Mass. 782, 784 (1986).

Kelleher does not contend that at the time he was struck, he was either "in" or "entering into" the Larson vehicle. Rather, he contends that his activity at the time he was struck constitutes "alighting from" the vehicle. "Common sense, of course, will always provide a useful guide in differentiating covered from uncovered cases." *Roe* v. *Federal Ins. Co.*, 412 Mass. 43, 49 (1992). The plain and ordinary meaning of the term "alighting from" simply does not permit the construction urged by the plaintiff. Cf. *Pisani* v. *Travelers Ins. Co.*, 29 Mass. App. Ct. 964 (1990). Although the several dictionary definitions of "alighting from" may connote various stages in the process of leaving a vehicle, such a construction may not reasonably suggest that a person who has left a car, locked the door of that vehicle, formed the intent to walk across the street, and begun to do so, is "alighting."

Kelleher also argues that he was "occupying" the insured motor vehicle at the time he was struck because he was "upon" the motor vehicle. However, as the plaintiff acknowledges, in determining whether a claimant is "upon" an insured vehicle, courts have invariably required some physical contact with the vehicle, or at a minimum, the performance

of an act directly related to the vehicle, such as the changing of a tire. Such a requirement is consistent with the commonly understood definition of "upon," that of "on." See *American Heritage Dictionary* 1328 (2d College ed. 1982).

There is no contention here that Kelleher was in physical contact with the vehicle. Rather, it is acknowledged that he was three to four feet from the Larson vehicle when he was struck. Accordingly, the undisputed facts demonstrate that Kelleher was not "upon" the insured vehicle at the time he was struck within the plain and ordinary meaning of that term (compare *Christoffer* v. *Hartford Acc. & Indem. Co.*, 123 Cal. App. 2d 979, 982-983 [1954]), and, therefore, he does not qualify as an "Insured" under the policy.

In sum, no facts indicate that Kelleher was either "in," "upon," "entering into," or "alighting from" the insured motor vehicle at the time he was struck; instead, the uncontroverted facts demonstrate that the operation of the Larson vehicle had come to an end, Kelleher had completed the act of leaving the vehicle, and he was approximately four feet away from it when the accident occurred. Kelleher had completely severed his relationship with the vehicle.[2] Cf. *Manning* v. *Fireman's Fund Am. Ins. Cos.*, 397 Mass. at 41-42 (no coverage for one seeking underinsured motorist benefits where he simply did not qualify as an insured under applicable definition of insured). Deciding as we do that summary judgment was properly granted for the defendants, we need not consider the plaintiff's claim for damages under G. L. c. 176D and G. L. c. 93A with regard to the defendant insurer's allegedly unfair or deceptive settlement practices.

*Judgment affirmed.*

---

[2]Given these facts, we have no need to discuss whether the coverage is limited specifically to those actions of the insured that "touch and concern" the vehicle or involve the "use or operation" of the vehicle.