Fremont-Smith, J.
The defendant, Walter Wright (“Wright”), who was injured while attempting to start a disabled motor vehicle, filed a claim with the defendant, Travelers Insurance Company (“Travelers”), seeking benefits pursuant to the uninsured provision of his wife’s automobile insurance policy (“policy”). Travelers brought this action seeking a declaration that Wright is not entitled to coverage under the policy, and, alternatively, that Travelers is not liable under the policy in any event because Wright failed to provide Travelers with prompt notice of the accident. Defendant has filed a counterclaim seeking recovery for uninsured benefits (Count I), and damages for violations of G.L.c. 93A (Counts II and III).
This matter is before the court on plaintiffs motion for summary judgment pursuant to Mass.R.Civ.P. 56 regarding its claim for a declaratory judgment and dismissal of defendant’s counterclaims.
FACTS
The pleadings, affidavits, and attached exhibits set forth the undisputed material facts as follows.
On November 7, 1990, while proceeding northbound on Interstate 395, Wright observed a disabled vehicle in the right-hand breakdown lane. In an effort to assist the occupant of this vehicle, Wright pulled his truck over and first spoke with the driver of the disabled vehicle, but he did not ascertain his identity. Determining that the vehicle would not start, Wright opened the hood of the vehicle and removed the top of the air filter housing, exposing the carburetor air intake opening. He then placed his finger into the carburetor air intake opening and instructed the driver to “try cranking the engine.” While Wright was still leaning over the engine compartment as the engine turned over, the engine backfired with a burst of flames through the carburetor, striking him with “[a] ball of flames” and causing Wright’s shirt to catch on fire. Wright has very little recollection of the events that followed, but heard the disabled vehicle driving away. He sustained second and third degree burns over the upper portion of his body and required hospitalization.
Wright states that several months after his release from the hospital, he filed a claim with Travelers seeking compensation under the “uninsured” and “personal injury protection" sections of his wife’s automobile policy. (See, Massachusetts Automobile Insurance Policy, Plaintiffs Exhibit B, Sections 5 and 7.)
Travelers asserts, and it is not disputed, that Wright gave no notice to Travelers until 159 days after his accident, 152 days after his release from the hospital, and 118 days after a University of Massachusetts Medical Center report stated he was “100% healed.”
Section 7, part 3, “Bodily Injury Caused By An Uninsured Auto,” states in pertinent part:
. . . We will pay damages to or for:
2. Any household member, while occupying your auto, while occupying an auto not owned by you, or if injured by a pedestrian . . .
Section 28, “When There is an Accident or Loss,” states:
. . . We don’t know about accidents or losses until you or someone else notifies us. We, or our agent, must be notified promptly of the accident or loss by you or someone on your behalf. The notification should include as many details as possible, including names and addresses of drivers, injured persons and witnesses . . .
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “Acomplete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates the award of summary judgment. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
Travelers concedes that it would be obligated to compensate Wright under his wife’s automobile policy if he was, at the time of his injury, “occupying” an automobile not owned by his wife (see, Plaintiffs affidavit, Exhibit B, section 7, part 3). The interpretation of insurance contracts and the application of policy language to particular, undisputed facts is a question of law for the court. Kelleher v. American Mutual Ins. Co. of Boston, 32 Mass.App.Ct. 501, 503 (1992). “Occupying” is defined under the Massachusetts Automobile Insurance Policy as being “in, upon, entering into, or getting out of’ (see, Plaintiffs affidavit, Exhibit B, Section 2, no. 7).
In State Farm Mutual Auto Ins. Co. v. Cookinham, 135 N.H. 247, 248 (1992), a friend of an insured who was leaning on insured’s vehicle at the time she was struck by another vehicle was held to be “occupying” the vehicle for purposes of similar uninsured motorist coverage. Moreover, a person has been said to be “upon” a vehicle when he has some physical contact with the vehicle or is performing an act directly related to the vehicle. Kelleher, supra, at 504-05 (“courts have *225 invariably required some physical contact with the vehicle, or, at a minimum, the performance of an act directly related to a vehicle; such as the changing of a tire”); see also Christoffer v. Hartford Accident & Indemnity, 123 Cal.App.2d Supp. 979, 981-83 (1954) (person injured when struck by automobile while changing wheel was “upon” the automobile); and Hendricks v. American Emp. Ins. Co., 176 So.2d 827, 831 (1965) (insured who was leaning over tailgate of truck attempting to lift bucket of burning diesel fuel therefrom was “upon” truck within terms of automobile policy).[1] In the case at bar, Wright, when he was injured by the flames, was leaning over the engine compartment of the disabled vehicle with his finger in the carburetor air intake opening. Thus, Wright was “occupying” the vehicle within the terms of his wife’s policy. Kelleher at 503-05.
The policy further provides, however, that “(the insurer] . . . must be notified promptly of the accident or loss by [the insured]...” [see, Plaintiffs Exhibit B, Section 28). What is a reasonable time is a question of fact, but where the basic facts are undisputed it becomes a question of law. Segal v. Aetna Casualty & Surety, 337 Mass. 185, 188 (1958).
G.L.c. 175, §112, as amended in 1977, provides in pertinent part: “An insurance company shall not deny insurance coverage to an insured because of failure of an insured to seasonably notify an insurance company of an occurrence, incident, claim or of a suit founded upon an occurrence, incident or claim, which may give rise to liability insured against unless the insurance company has been prejudiced thereby.” In Darcy v. Hartford Ins. Co., 407 Mass. 481 (1990), the Supreme Judicial Court rejected the contention that a five-year delay in notice created a presumption of prejudice, but held at 486, that “[t]he delay in notice must be accompanied by a showing of some other facts or circumstances (such as, for example, the loss of critical evidence, or testimony from material witnesses despite diligent good faith efforts on the part of the insurer to locate them) which demonstrates that the insurer’s interests have been actually harmed.” In so holding, the Court relied upon Johnson Controls, Inc. v. Bowes, 381 Mass. 278 (1980). Accordingly, contrary earlier decisions, e.g. Granite State v. American Ins. Co., 435 F.Supp. 159 (D.Mass. 1977); Depot Cafe v. Century Indemnity Co., 321 Mass. 220 (1947); Potter v. Great American Indemnity Co. of N.Y., 316 Mass. 155 (1944); Morse v. Employers Liability Assurance Corp., 3 Mass.App.Ct. 712 (1975); and Peters v. Saulinier, 351 Mass. 609 (1967), are no longer controlling.
Travelers relies upon Royal Globe Ins. Co. v. Craven, 411 Mass. 629 (1992), wherein the Court held that a twenty-three-day delay in notice was not reasonably prompt where there was a hit-and-run accident and the policy required notice within twenty-four hours of such an accident. Although the Court’s broad language in that case seems inconsistent with its holding in Darcy, we can only conclude that the holding of Royal Globe is restricted to the particular type of accident and policy provision involved in that case.
As no uncontroverted evidence has been provided to establish actual prejudice to Travelers, a genuine issue of material fact remains to be tried.
ORDER
Itis therefore ORDERED thatTravelers’s motion for summary judgment and to dismiss defendant’s counterclaims is hereby DENIED.

 The only contrary authority which has been found is Casualty Company v. Bristow, 207 Va. 381, 383-85 (1966), where the court held that a person leaning over the automobile hood to repair wires was not “occupying” the vehicle.