COWIN, J.
INTRODUCTION
The plaintiff Richard W. Keenan (“Keenan”) commenced this negligence action against the defendant and third-party plaintiff Robert G. McCormick (“McCormick”). McCormick filed a complaint seeking a declaratory judgment for indemnification against all the third-party defendants. Third-party defendant Arthur Cicconi (“Cicconi”) and third-party defendant Travelers Insurance Company (“Travelers”) have now moved for summary judgment on McCormick’s declaratory judgment suit against them. For the reasons which follow, the motion for summary judgment brought by Cicconi and Travelers is ALLOWED.
BACKGROUND
Based on the uncontroverted facts as stated in the parties’ submissions, on April 7, 1993, while playing golf at the President’s golf course in Quincy, Keenan was struck by a golf cart driven by McCormick. Keenan sustained personal injuries including a compound fracture of his left leg and brought this negligence action against McCormick seeking compensation for his personal injuries. McCormick filed a third-party complaint against several third-party defendants including Cicconi, the golf professional at the course, and Cicconi’s insurer, Travelers.
Cicconi was responsible for the operation of the golf shop at the course. His duties included, inter alia, the collection of green fees and golf cart rental fees and assuring that the golf carts were properly charged, cleaned and repaired. Cicconi and Travelers now move for summary judgment claiming that Cicconi’s insurance policy with Travelers (“policy”) does not provide coverage for Keenan’s injuries arising from McCormick’s negligent operation of the golf cart.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and of showing that the moving parly is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
As a preliminary matter, it is not meaningful to resolve the issue of whether Keenan has standing to challenge the motion for summary judgment of Cicconi and Travelers against McCormick. Because Keenan does have a practical interest in this action, this Court assumes, without deciding, that Keenan has standing to challenge the motion.
It is well settled that “the interpretation of an insurance contract is a question of law for the Court.” Kelleher v. American Mutual Insurance Company of Boston, 32 Mass.App.Ct. 501, 503 (1992). Keenan *604 contends that Cicconi’s policy with Travelers provides coverage for Keenan’s injuries resulting from the negligent operation of the golf cart by McCormick. This Court, however, concludes that the policy does not provide coverage for Keenan’s injuries.
The coverage section of the policy does not state that the policy provides coverage for the negligent operation of a golf cart by a third-party such as McCormick. Contrary to Keenan’s contention, the policy at issue does not provide coverage for an injury by a golf cart.
The policy provides coverage for Cicconi and “(a)nyone else . . . while using with your permission a ‘hired auto’ or a ‘nonowned auto.’ ”[2] The policy defines a hired auto as “any ‘auto’ you lease, hire, or borrow.[3] Non-owned auto ’’means any ‘autos’ you do not own, lease, hire, rent or borrow that are used in connection with your business."[4] The policy defines an auto as “a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. But ‘auto’ does not include ‘mobile equipment.’ ”[5] A golf cart is not encompassed by the above provisions. It is not designed for travel on public roads.
This Court also concludes that a golf cart is not a motor vehicle. Keenan’s reliance on G.L.c. 90, §§1 and 9 is misplaced. These sections concern the legislative plan for the operation and registration of motor vehicles. They have no relation to the insurance policy at issue. Moreover, these statutory sections are not referenced in the policy.
If Travelers had intended this policy to cover the operation of golf carts, the policy could have expressly stated that it provided such coverage. The policy contains no such statement. Accordingly, the policy does not provide coverage for Keenan’s injuries sustained as a result of McCormick’s negligent operation of the golf cart.
ORDER
For the foregoing reasons, the motion for summary judgment of the third-party defendants, Arthur Cicconi and Travelers Insurance Company, is hereby ALLOWED. A declaration is to issue that Arthur Cicconi and Travelers Insurance Company are not obligated to indemnify Robert G. McCormick.

See Hired Auto and Non-Owned Auto Liability Endorsement, Provisions, B2(b), in Cicconi’s policy of insurance attached to plaintiffs memorandum.

Id. at Additional Definitions, 3(b).

Id. at 3(c).

See Commercial General Liability Coverage Form, Section V-Deflnitions, 2, in Cicconi’s policy of insurance attached to plaintiffs memorandum.