Kern, Leila R., J.
The plaintiff, Commerce Insurance Co., Inc., filed this action for declaratory judgment against the defendants Mark Brown and John and Terry Cloutier. Commerce seeks a determination that it has no duty to either indemnify or defend the Cloutiers for the alleged damages arising out of the sale of a single-family home to Brown. The matter is before this court on cross motions for summary judgment by Commerce and Brown. For the reasons set forth below, Commerce’s Motion for Summary Judgment is ALLOWED and Brown’s Cross Motion for Summary Judgment is DENIED.

BACKGROUND

The following are the undisputed material facts from the summary judgment record.
On June 11, 2001, the Cloutiers, as sellers, and Brown, as the buyer, executed a purchase and sale agreement for the purchase of real estate located at 8 Pine Meadow Drive, Phillipston, MA. At the time of the sale, the Cloutiers maintained a homeowner’s insurance policy with Commerce. The liability coverage section of the policy provided coverage for “damages because of ‘property damage’ caused by an ‘occurrence.’ ” The policy defined an “occurrence” as “an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in: a. ‘bodily injury’; or b. ‘property damage.’ ” The Cloutiers can-celled the policy on the day that title to the property transferred to Brown.
Subsequent to the transfer of title, Brown discovered structural defects in the garage and swimming pool located on the premises. Brown filed suit in this court against the Cloutiers, among others, alleging civil conspiracy with respect to the sale of the premises.[2] Commerce is currently providing a defense to the Cloutiers in that action with a reservation of its rights. Commerce and Brown both seek a determination as to whether Commerce had a duty to defend or indemnify the Cloutiers.

DISCUSSION

This court grants summary judgment where there are no genuine issues of material fact and the record entitles the moving party to judgment as a matter of law. See Mass.R.Civ.P. 56(c); Cassesso v. Comm. of Corr., 390 Mass. 419, 422 (1983); Cmty. Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of establishing that there is no dispute of material fact on every relevant issue. See Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party must satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing parly’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. See Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
It is well-settled that the interpretation of an insurance contract is a question of law for the court. Kelleher v. Am. Mut. Ins. Co. of Boston, 32 Mass.App.Ct. 501, 503 (1992). “Like all contracts, insurance contracts are to be construed according to the fair and reasonable meaning of the words in which the agreement of the parties is expressed.” Cody v. Conn. Gen. Life Ins. Co., 387 Mass. 142, 146 (1982) (citations omitted). “A policy of insurance whose provisions are plainly and definitely expressed in appropriate language must be enforced in accordance with its terms.” Cody, 387 Mass. at 146 (citations omitted).
“It is established that an insurer has only an ‘obligation to indemnify the insured against judgments obtained against it within the policy coverage’ and no duty to defend if the underlying complaint does not demonstrate the ‘possibility that the liability claim falls within the insurance coverage.’ ” Frohberg v. Merrimack Mut Fire Ins. Co., 34 Mass.App.Ct. 462, 464 (1993), quoting Sterilite Corp. v. Continental Cas. Co., 17 Mass.App.Ct. 316, 318 n.4., 319 (1983). Commerce argues that it has no duty to defend or indemnify the Cloutiers against Brown’s claims because none of the damages claimed in Brown’s complaint were alleged to have occurred during the policy period. Commerce maintains that this timing is critical to the coverage issue.
In the instant case, Brown did not suffer any injuries until, at the earliest, he discovered the structural defects in the garage and swimming pool. These discoveries were made after title had passed to him. Any damages that Brown sustained as a result of these defects would not be realized until he sold the properly presumably at a depreciated value. Furthermore, the discoveries were made after the Cloutiers cancelled the insurance policy. Accordingly, this court finds that Commerce is under no duty to defend or indemnify the Cloutiers against Brown’s claims. See Continental Cas. Co. v. Gilbane Bldg. Co., 391 Mass. 143, 152 (1984) (“The time of the occurrence of an accident within the *382 meaning of an indemnity policy is not the time the wrongful act was committed, but the time when the complaining party was actually damaged”).

ORDER

For the reasons stated above, it is hereby ORDERED that Commerce Insurance Co., Inc.’s Motion For Summary Judgment is ALLOWED and Mark Brown’s Cross Motion For Summary Judgment is DENIED.

 See Brown v. Goldsmith, et al Worcester Superior Court No. 03-217C.