Connon, Richard F., J.
INTRODUCTION
Plaintiff, a resident of the village of Monument Beach, MA, brought this action for breach of contract and for a violation of G.L.c. 93A against the insurance carrier of his homeowner’s insurance policy. He claims that the defendant, USAA Property and Casualty Insurance Co., wrongfully denied his claim for damages to his home. USAA claims that the damage suffered by Ciampa is outside of the scope of coverage of his insurance policy. Parties filed these cross motions for summary judgment, asserting that the only issue before the Court is an interpretation of an insurance contract. For the reasons discussed below, both motions are DENIED.
BACKGROUND
In May of2006, Ciampa hired a contractor to repair the roof on his house and attached garage. While *546 performing the repairs, the contractor discovered that the roof was sagging. He also uncovered extensive damage to the walls and support beams of the house. Convinced that immediate repairs were necessaiy to prevent further structural damage, Ciampa authorized the work. Several days later, he filed a claim with his homeowner’s insurance carrier, USAA. After inspecting the house, USAA denied Ciampa’s claim, citing a provision in his policy that excluded any coverage for damages caused by wet or diy rot. Ciampa then filed this suit.
Ciampa claims that the sagging roof indicated that the house was collapsing, and that damages involving collapse were covered by the policy if the collapse was caused by hidden decay. USAA claims in response that the policy clearly and unambiguously excludes all damages caused directly or indirectly by rot. Thus, the issue before this Court is the meaning of the terms “rot" and “decay” as used in this insurance contract.
DISCUSSION
Summary judgment is appropriate where there is no genuine dispute of material fact, and the moving parly is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995); Cassesso v. Comm'r of Corr., 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue and entitlement to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). This burden maybe met by demonstrating that the opposing party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege facts which would establish the existence of a genuine issue of material fact in order to defeat [the motion].” Pederson, 404 Mass. at 17. In reviewing a motion for summary judgment, the court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in his favor. Jupin v. Kask, 447 Mass. 141, 143 (2006), citing Coveney v. President & Trustees of the College of the Holy Cross, 388 Mass. 16, 17 (1983).
The interpretation of an insurance contract and the application of policy language to known facts presents questions of law for the judge to decide. See Sherman v. Employer’s Liability Insurance Corporation, 343 Mass. 354 (1961); Kelleher v. American Mutual Insurance Company, 32 Mass.App.Ct. 501, 503 (1992). The policyholder bears the initial burden of proving coverage within the policy description of covered risks. Camp Dresser and McKee, Inc., 30 Mass.App.Ct. 318, 321 (1991). Once basic risk coverage is established, the burden shifts to the insurer to prove the applicability of any exclusion to coverage set forth outside of the insuring clause. Id.
Insurance policy provided to Ciampa by USAA states in relevant part:
ADDITIONAL COVERAGES
8. Collapse. As used in this section, collapse means a sudden falling or caving in of any part of a building, or a breaking apart or deformation of a building in such a way as to render it structurally unsound.
We insure for direct physical loss to covered property involving collapse of a building or any part of a building caused only by one or more of the following:
b. hidden decay within the insured structure;
The contractor, Mr. Hildreth, testified in his deposition that he observed a sagging roof and determined that the sagging was caused by hidden decay in the supporting walls and beams. He further testified that the whole structure was collapsing before he began working on it. Viewed in the light most favorable to Ciampa, this testimony is sufficient to establish coverage within the policy description of the covered risks.
In its motion for summary judgment, USAA relies on Jussim v. Massachusetts Bay Ins. Co., 415 Mass. 24 (1993). Specifically, the Supreme Judicial Court in that case stated that to exclude liability for physical loss to property from a particular cause, an insurer has to list that cause in the general exclusion section of the policy following a preamble. That preamble must provide: “We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.” Id. at 30-31. This Court agrees with the defendant that USAA’s policy, as amended, conforms to this requirement for exclusion of liability for damages caused by rot. Thus, the policy seems to exclude all coverage for rot damage.
Nevertheless, the analysis does not stop here. The policy does not define the term “hidden decay.” However, Webster’s New Collegiate Dictionary (8th ed. 1981) defines “decay” as “rot.” Further, West’s Legal Thesaurus and Dictionary (1985) also equates “rot” and “decay.” Thus, the insurance policy issued by USAA to Ciampa purports to provide coverage for collapse caused by rot, while, at the same time, excluding coverage for all damages caused by rot. The policy is, therefore, internally inconsistent and ambiguous.
The interpretation of policy exclusions is a question of law to be determined by the court. Camp Dresser and McKee, Inc., 30 Mass.App.Ct. at 323. “In this interpretation, [courts] are guided by three fundamental principles: (1) an insurance contract, like other contracts, is to be construed according to the fair and reasonable meaning of its words, (2) exclusionary *547 clauses must be strictly construed against the insurer so as not to defeat any intended coverage or diminish the protection purchased by the insured, and (3) doubts created by any ambiguous words or provisions are to be resolved against the insurer.” Id. at 323-24 (internal citations omitted).
Following these principles, this Court finds that the insurance policy issued by USAA to Mr. Ciampa included coverage for collapse caused by rot. Thus, this case presents disputed issues of material fact as to whether there was a collapse and, if so, whether it was caused by hidden rot.
Accordingly, motions for summary judgment by both parties must be denied.
ORDER
For the foregoing reasons, Plaintiffs motion and Defendant’s cross motion for summary judgment are DENIED.